UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Bridgette Davis, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 4:19-cv-775 |
| | ) |
| JTM Capital Management, LLC; | ) |
| Hartford Casualty Insurance Company; | ) |
| Global Mediation Group, LLC; | ) |
| and John and Jane Does #1-5 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

## JURY TRIAL DEMANDED

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C § 1331, 28 U.S.C § 1332, 15 U.S.C. §1692k (d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This case concerns the unfair and deceptive practices of all Defendants upon Plaintiff. Plaintiff brings this action against defendants as a remedy for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") violations of the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392 et al. and violations of the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business and Commerce Code ("DTPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district and Defendants transacted business in this district.

## PARTIES

4. Plaintiff Bridgette Davis hereinafter ("Plaintiff" and/or "Davis"), is a natural person residing in the County of Collin, State of Texas, and individually and/or collectively is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3). Davis resided in Dallas County when the incidents set forth herein took place.

5. Defendant JTM Capital Management, LLC hereinafter ("JTM"), on information and belief is a debt buyer and/or collection agency, doing business in Dallas County, Texas. The principal purpose of JTM's business is the collection of consumer debts using the mail and telephone. Upon information and belief, JTM is incorporated under the laws of the State of New York and operates from an address of 6400 Sheridan Drive Suite 138 Williamsville, NY 14221.  At all times pertinent hereto Defendant has been and continues to be in the business of collecting debts in Texas.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6).  JTM is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

6. Defendant Global Mediation Group, LLC ("Global"), on in information and belief is a debt buyer and/or collection agency, doing business in Dallas County, Texas. Upon information and belief, Global is incorporated under the laws of the State of New York and operates from an address of 6000 N. Bailey Avenue Suite 2C Amherst, NY 14226.  At all times pertinent hereto Defendant has been and continues to be in the business of collecting debts in Texas.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6).  JTM is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

7. Defendant Hartford Casualty Insurance Company ("Hartford") is the surety company for the bond, Defendant JTM has on file with the Texas Secretary of State, Bond Number 57BSBHY7727.  Hartford is also the surety company for the bond, Defendant Global has on file with the Texas Secretary of State, Bond Number 57BSBIA4795.  Hartford, operates from an address of  690 Asylum Avenue Hartford, CT 06155 and is liable for the acts committed by JTM

and Global pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

8. Defendants John or Jane Does #1-5, upon information and belief are employees and/or collection agents for Integrity, identities unknown at this point. At all times pertinent hereto Defendant has been and continues to be in the business of collecting debts in Texas. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). John and/or Jane Doe would also be considered a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

9. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes (hereinafter the "Account"). Plaintiff states she was not and is not financially responsible for this debt.

10. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

11. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3) and Tex. Fin. Code § 392.001(1).

12. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer Debt" as that term is defined by Tex. Fin. Code § 392.001(2).

13. Global is a collection agency and collects debts directly or indirectly for the purpose of making a profit. Global was doing business in Collin County, Texas.

14. Global attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation to Vivint Alarm. The obligation ("Debt") required Plaintiff to pay money arising out of a transaction in which money, property, insurance, or services were the subject thereof, and the same were primarily for personal, family, or household purposes.

15. Upon information and belief, the purported obligation to Vivint Alarm (hereinafter "Vivent") was purchased and owned by JTM.

16. Upon information and belief, Global received placement of the "Debt" from JTM and was actively attempting to collect the Debt on behalf of and as an agent for JTM.

17. On or about July 23, 2019 Global attempted to contact Plaintiff by telephone.

18. On July 23, 2019 Plaintiff contacted Global and spoke Linda Collins, a debt collector, who advised that Global was collecting upon a debt with Vivant Alarm, purportedly in the amount of $3193.00 and offered a settlement in the amount of $1989.00.

19. At no time during this conversation with Ms. Collins, did Ms. Collins ever advise Plaintiff that Global is a debt collector, that the communication with Plaintiff is an attempt to collect a debt, and that any information received will be used for debt collection.

20. At no time during this conversation with Ms. Collins, did Ms. Collins ever advise Plaintiff of her right to dispute this matter.

21. At no time within five days of the initial conversation on or about July 23, 2019 has Global sent any notice to Plaintiff advising her of her rights to dispute this debt.

22. On July 24, 2019 Plaintiff contacted Global for a second time and spoke Linda Collins, a debt collector, who repeated that Global was collecting upon a debt for Vivant. Ms. Collins then stated that Global was handling the matter for JTM because it's a "civil complaint for breach of contract".

23. At no time during this second conversation with Ms. Collins did Ms. Collins ever advise Plaintiff that Global is a debt collector or that JTM was debt purchaser or debt collector, that the communication with Plaintiff is an attempt to collect a debt, and that any information received will be used for debt collection.

24. At no time during this second conversation with Ms. Collins, did Ms. Collins ever advise Plaintiff of her right to dispute this matter.

25. At no time within five days of the initial conversation on or about July 24, 2019 has Global sent any notice to Plaintiff advising her of her rights to dispute this debt.

26. On August 1, 2019 a voicemail was left for the Plaintiff which stated, "we will be left with no recourse other than to report your non-compliance in this issue to our clients and proper jurisdiction.".

27. On September 19, 2019 a voicemail was left for the Plaintiff which stated, "we will be left with no recourse other than to report your non-compliance in this issue to our clients and proper jurisdiction.".

28. Plaintiff has continued to receive voicemail recordings from Linda Collins on September 26, 2019, October 1, 2019, October 2, 2019 and twice on October 3, 2019.

*Summary*

29. Plaintiff has suffered actual damages as a result of Global's, misrepresentations and illegal collection activities in the form of legal fees, anger, anxiety, emotional distress, frustration, depression amongst other negative emotions.

30. Plaintiff has also suffered actual damages as a result of Linda Collins's illegal collection activities in the form of legal fees, anger, anxiety, emotional distress, frustration, depression amongst other negative emotions.

**Respondeat Superior Liability**

31. The acts and omissions of Global's debt collectors employed at Global who communicated with Plaintiff as further described herein, were committed within the time and space limits of their relationship with their principal, Global.

32. The acts and omissions by Global's debt collectors were incidental to, or of the same general nature as, the responsibilities this employee was authorized to perform by Global in collecting consumer debts.

33. By committing these acts and omissions against Plaintiff, Global's debt collectors were motivated to benefit their principal, Global.

34. Global is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Texas law, in their attempts to collect this debt from Plaintiff.

35. The acts and omissions of Global and Global's debt collectors acting as agents for JTM who communicated with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with JTM

36. The acts and omissions by Global and Global's debt collectors were incidental to, or of the same general nature as, the responsibilities this employee was authorized to perform by Global as agent(s) for JTM in collecting consumer debts.

37. By committing these acts and omissions against Plaintiff, Global and Global's debt collectors were motivated to benefit their principal, Global and their agency relation with JTM.

38. JTM is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Texas law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

39. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT 1.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 ET SEQ.

40. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to the following:

   a. The failure of Global to send notice to Davis advising her of her right to dispute the matter within five days of the initial communication on or about July 23, 2019 constituted a violation of 15 U.S.C. § 1692g (a)(1-5);

   b. The failure of Linda Collins, as a collector for Global, to send notice to Davis advising her of her right to dispute the matter within five days of the initial communication on or about July 23, 2019 constituted a violation of 15 U.S.C. § 1692g (a)(1-5);

   c. The failure of Linda Collins, as a collector for Global, to disclose that Global is a debt collector in the initial communication on or about July 23, 2018 constituted a violation of 15 U.S.C. § 1692e (11);

   d. The failure of Linda Collins as a collector for Global to disclose "that the debt collector is attempting to collect a debt" in the initial communication on or about July 23, 2019 constituted a violation of 15 U.S.C. § 1692e (11);

   e. The failure of Linda Collins, as a collector for Global, to disclose "that any information obtained will be used for that purpose" in the initial communication on or about July 23, 2019 constituted a violation of 15 U.S.C. § 1692e (11);

   f. The failure of Global to send notice to Davis advising her of her right to dispute the matter within five days of the initial communication on or about July 24, 2019 constituted a violation of 15 U.S.C. § 1692g (a)(1-5);

   g. The failure of Linda Collins, as a collector for Global, to send notice to Davis advising her of her right to dispute the matter within five days of the initial communication on or about July 24, 2019 constituted a violation of 15 U.S.C. § 1692g (a)(1-5);

   h. The failure of Linda Collins, as a collector for Global, to disclose that Global is a debt collector in the initial communication on or about July 24, 2018 constituted a violation of 15 U.S.C. § 1692e (11);

   i. The failure of Linda Collins as a collector for Global to disclose "that the debt collector is attempting to collect a debt" in the initial communication on or about July 24, 2019 constituted a violation of 15 U.S.C. § 1692e (11);

   j. The failure of Linda Collins, as a collector for Global, to disclose "that any information obtained will be used for that purpose" in the initial communication on or about July 24, 2019 constituted a violation of 15 U.S.C. § 1692e (11);

   k. The statement by Linda Collins on July 24, 2019 that the matter was a "civil complaint for breach of contract" constituted a violation of 15 U.S.C. § 1692e(2)(A);

   l. The recorded message left by an unnamed individual at Global on August 1, 2019 that "we will be left with no recourse other than to report your non-compliance in this issue to our clients and proper jurisdiction" constituted a violation of 15 U.S.C. § 1692e(5);

  m. The recorded message left by an unnamed collector at Global on September 19, 2019 that "we will be left with no recourse other than to report your non-compliance in this issue to our clients and proper jurisdiction" constituted a violation of 15 U.S.C. § 1692e(5);

42. The unlawful actions of the Defendants as described above were intentional and grossly negligent.

43. As a result of Defendants' foregoing conduct and violations of the FDCPA, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and cost pursuant to 15 U.S.C. § 1692k (a)(3), against Defendants GLOBAL and JTM.

## COUNT 2
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392 et al.

44. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

45. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

46. Defendant Global is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

47. The failure of Global and/or Linda Collins to disclose in the initial communication on or about April 18, 2018 that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" in violation of Tex. Fin. Code Ann. § 392.304 (5)(A).

48. The failure of GLOBAL and/or Linda Collins to disclose during the second communication on or about April 18, 2018 that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" in violation of Tex. Fin. Code Ann. § 392.304 (5)(B).

49. The failure of GLOBAL and/or Linda Collins to disclose during the third communication on or about April 18, 2018 that "the debt collector is attempting to collect a debt and that any

information obtained will be used for that purpose" in violation of Tex. Fin. Code Ann. § 392.304 (5)(B).

50. The statement by Linda Collins on July 24, 2019 that the matter was a "civil complaint for breach of contract" constituted a violation of Tex. Fin. Code Ann. § 392.301b(2).

51. The recorded message left by an unnamed individual at Global on August 1, 2019 that "we will be left with no recourse other than to report your non-compliance in this issue to our clients and proper jurisdiction constituted a violation of Tex. Fin. Code Ann. § 392.301b(2).

52. The recorded message left by an unnamed individual at Global on September 19, 2019 that "we will be left with no recourse other than to report your non-compliance in this issue to our clients and proper jurisdiction constituted a violation of Tex. Fin. Code Ann. § 392.301b(2).

53. Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2), and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

### COUNT 3
### HARTFORD CASUALTY INSURANCE COMPANY
### FOR LIABILITY FOR GLOBAL MEDIATION GROUP LLC

54. The previous paragraphs are incorporated into this Count as if set forth in full.

55. The act(s) and omission(s) of Global and their representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code § 392.304 (5)(A) & (5)(B) are imputed to Hartford pursuant to Tex. Fin. Code § 392.102

56. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Hartford.

### COUNT 4
### HARTFORD CASUALTY INSURANCE COMPANY FOR
### LIABILITY FOR JTM CAPITAL MANAGEMENT, LLC

57. The previous paragraphs are incorporated into this Count as if set forth in full.

58. The act(s) and omission(s) of JTM and their representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code § 392.304 (5)(A) & (5)(B) are imputed to Hartford pursuant to Tex. Fin. Code § 392.102

59. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Hartford.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

A. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against JTM, Global and/or Linda Collins in an amount to be determined later;

B. an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Global and JTM;

C. an award of Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

D. an award of actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2) against JTM, Global and/or Linda Collins in an amount to be determined later;

E. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

F. Punitive damages;

G. an award of costs of litigation and reasonable attorney's fees

H. Interest on all the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law;

I. such other and further relief as may be just and proper, including the right to amend this complaint to add additional claims or additional parties after conducting appropriate discovery.

The exact nature and extent of Plaintiff's damages have yet to be calculated, and Plaintiff will seek leave of Court to amend this complaint to conform to proof at the time of trial.


Dated: October 21, 2019

        **M. CABRERA & ASSOCIATES, PC**

        */s/ Matthew M. Cabrera*
Matthew M. Cabrera, Esq.
2002 Route 17M, Suite 12
Goshen, NY 10924
Telephone:   (845) 531-5474
Facsimile:   (845) 230-6645
mcabecf@mcablaw.com
NJ Bar 031791997

**COUNSEL FOR PLAINTIFF**